**Charles Lawrence McCLOUD,
Petitioner–Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent–
Appellee.**

No. 06–55423.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2007.*

Filed Oct. 5, 2007.

Jerald L. Brainin, Esq., Los Angeles, CA, for Petitioner–Appellant.

Charles Lawrence McCloud, Imperial, CA, pro se.

Attorney General, Elizabeth Ann Hartwig, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: WALLACE, T.G. NELSON, and IKUTA, Circuit Judges.

MEMORANDUM **

We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253(c). We review the district court's denial of habeas relief *de novo.* *See Lopez v. Schriro,* 491 F.3d 1029, 1036 (9th Cir.2007). We affirm.

The state appellate court's determination that McCloud was not denied the effective assistance of counsel is neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, nor is it based on an unreasonable determination of the facts in light of the evidence presented to the state trial court. *See Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); 28 U.S.C. § 2254(d).

Even assuming that McCloud's counsel was deficient, McCloud was not prejudiced by his counsel's failings; the court engaged McCloud in an extensive colloquy that made clear to him the consequences of his plea, and McCloud himself admitted that his lawyer had not guaranteed to him that his admitted strikes would be struck.

The state appellate court deemed McCloud's challenge to the use of his 1986 convictions to enhance his sentence to be waived because he failed to raise the claim in the state trial court. McCloud has not demonstrated that this procedural bar is inadequate or that it is inconsistently applied. *See Bennett v. Mueller,* 322 F.3d 573, 585 (9th Cir.2003). This claim, therefore, like the rest of McCloud's certified issues, is procedurally defaulted.

McCloud has not met his burden of demonstrating cause for, or prejudice resulting from, this procedural default, nor has McCloud demonstrated that the failure to reach this issue will result in a fundamental miscarriage of justice. *See Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.